## UNITED STATES COURT OF INTERNATIONAL TRADE

**Before the Honorable Timothy C. Stanceu, Judge**

| | |
|---|---|
| **COLUMBIA ALUMINUM PRODUCTS, LLC,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES,** <br><br> **Defendant,** <br><br> and <br><br> **ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE and ENDURA PRODUCTS, INC.,** <br><br> **Defendant-Intervenors.** | **Case No. 1:19-cv-00013-TCS** |

**PLAINTIFF COLUMBIA ALUMINUM PRODUCTS, LLC'S
COMMENTS ON COMMERCE'S FINAL REMAND DETERMINATION**

Peter Koenig
Jeremy W. Dutra
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 626-6600

*Counsel for Columbia Aluminum Products, LLC*

January 12, 2022

Columbia Aluminum Products, LLC ("Columbia") submits these comments in response to the Final Results of Redetermination Pursuant to Court Remand, *Columbia Aluminum Products, LLC v. United States*, Court No. 19-0013 ("Final Remand Results"), that the U.S. Department of Commerce ("Commerce") filed with the Court on December 13, 2021 (Dkt. 67).

In the Final Remand Results, Commerce finds "under respectful protest"[1] that the Columbia assembled door thresholds at issue in Columbia's scope ruling request are not covered "subassemblies, but rather are "finished merchandise," and thus outside the scope of *Orders*[2] on aluminum extrusions from the People's Republic of China.

Columbia agrees with Commerce's determination that Columbia Aluminum's assembled door thresholds are "finished merchandise" and thus outside the scope of the *Orders*, as this determination is in accordance with the Court's instructions in *Columbia Aluminum II* and is the only reasonable outcome based on substantial and undisputed record evidence.

Date: January 12, 2022

                                      Respectfully submitted,

                                      /s/ Jeremy W. Dutra
Peter Koenig
peter.koenig@squirepb.com
Jeremy W. Dutra
jeremy.dutra@squirepb.com
SQUIRE PATTON BOGGS (US) LLP

---

[1] Columbia disagrees with Commerce's decision to render its redetermination "under protest," and incorporate in these comments Columbia Aluminum's prior submissions before Commerce and the Court in these proceedings, including comments on draft and final remand results filed with Commerce and the Court after the Court's Decisions in *Columbia Aluminum Products, LLC v. United States*, 470 F. Supp. 3d 1353 (CIT 2020) ("*Columbia Aluminum I*") and *Columbia Aluminum Products, LLC v. United States*, 2021 Ct. Intl. Trade LEXIS 116 (CIT 2021) ("*Columbia Aluminum II*").

[2] *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011) ("AD Order); *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011) (CVD Order).

1

2550 M Street, NW
Washington, DC 20037
(202) 626-6600

*Counsel to Columbia Aluminum Products, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on January 12, 2022, I electronically filed the foregoing Comments on Commerce's Final Remand Determination with the Clerk of the United States Court of International Trade via the Court's Case Management/Electronic Case Files (CM/ECF) system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system at that time.

        /s/ Jeremy Dutra
        Jeremy W. Dutra
        jeremy.dutra@squirepb.com

        *Counsel to Columbia Aluminum Products, LLC*