UNITED STATES COURT OF INTERNATIONAL TRADE

Before the Honorable Timothy C. Stanceu, Judge

| | |
|---|---|
| **COLUMBIA ALUMINUM PRODUCTS, LLC,**<br><br>    **Plaintiff,**<br><br> **v.**<br><br>**UNITED STATES,**<br><br>    **Defendant,**<br><br> **and**<br><br>**ALUMINUM EXTRUSIONS FAIR TRADE COMMITTEE and ENDURA PRODUCTS, INC.,**<br><br>    **Defendant-Intervenors.** | **Case No. 1:19-cv-00013-TCS** |

**PLAINTIFF COLUMBIA ALUMINUM PRODUCTS, LLC'S
COMMENTS ON COMMERCE'S FINAL REMAND DETERMINATION**

                   Peter Koenig
                   Jeremy W. Dutra
                   SQUIRE PATTON BOGGS (US) LLP
                   2550 M Street, NW
                   Washington, DC 20037
                   (202) 626-6600

                   *Counsel for Columbia Aluminum Products, LLC*

September 23, 2022

Columbia Aluminum Products, LLC ("Columbia") submits these comments in response to the Final Results of Redetermination Pursuant to Court Remand, *Columbia Aluminum Products, LLC v. United States*, Court No. 19-0013 ("Final Remand Redetermination"), that the U.S. Department of Commerce ("Commerce") filed with the Court on September 9, 2022 (Dkt. 85).

In the Final Remand Redetermination, Commerce finds "under respectful protest" that the Columbia assembled door thresholds at issue in Columbia's scope ruling request fall outside the scope of the *Orders*[1] on aluminum extrusions from the People's Republic of China. Columbia disagrees with Commerce's decision to render its redetermination "under protest," and incorporate in these comments Columbia Aluminum's prior submissions before Commerce and the Court in these proceedings, including comments on draft and final remand results filed with Commerce and the Court after the Court's Decisions in *Columbia Aluminum Products, LLC v. United States*, 470 F. Supp. 3d 1353 (CIT 2020) ("*Columbia Aluminum I*") and *Columbia Aluminum Products, LLC v. United States*, 2021 Ct. Intl. Trade LEXIS 116 (CIT 2021) ("*Columbia Aluminum II*").

Notwithstanding Commerce's "protest," Commerce's Final Remand Redetermination proceeds to assess the "finished merchandise" exclusion in the context of the evidence concerning Columbia's assembled door thresholds at issue in the proceeding.

Commerce correctly acknowledges that the *Orders* exclude "finished merchandise containing aluminum extrusions as parts that are fully and permanently assembled and completed

---

[1] *Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't of Commerce May 26, 2011) ("AD Order); *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't of Commerce May 26, 2011) (CVD Order).

at the time of entry, such as finished windows with glass, doors with glass or vinyl, picture frames with glass pane and backing, and solar panels." Final Remand Redetermination at 14.

Analyzing the exclusion language, Commerce reasoned that to qualify for the "finished merchandise exclusion," a product "must contain aluminum extrusions as parts, and must include some non-extruded aluminum components." *Id.* Commerce refers to this as the "as parts" requirement. *Id.* Evaluating the record evidence, Commerce explained that Columbia's assembled door thresholds contain aluminum extrusion components (*e.g.*, aluminum cap and aluminum cover) and non-extruded aluminum components (*e.g.*, PVC extrusion, insert bar, and extruded PVC substrate). *Id.* Based on the record evidence, Commerce correctly found that the Columbia assembled door thresholds meets the "as parts" requirement of the "finished merchandise" exclusion. *Id.*

Further analyzing the "finished merchandise" exclusion of the *Orders*, Commerce noted that the exclusion "also requires that the product at issue be 'fully and permanently assembled and completed at the time of entry.'" Final Remand Redetermination at 14. Consistent with Columbia's arguments—and the Court's prior opinions in this matter—Commerce reassessed the evidence on remand and determined (consistent with the specific evidence Columbia submitted about how cutting its imported assembled door thresholds would destroy the thresholds and render them unusable) that Columbia's assembled door thresholds do not require cutting or fabrication after importation into the United States. *Id.* at 15. Commerce further noted that Columbia described its assembled door thresholds as ready for use without further processing, and, in reassessing the evidence, correctly determined that the evidence on the record does not contradict Columbia's description of its imported merchandise. *Id.*

Having determined that Columbia's assembled door thresholds (1) are fully assembled

2

and completed at the time of entry and (2) contain extruded aluminum and non-extruded aluminum components, Commerce determined that Columbia's assembled door thresholds satisfy the criteria for the finished merchandise exclusion.  *Id.*

Columbia agrees with Commerce's determination that Columbia Aluminum's assembled door thresholds are "finished merchandise" and thus outside the scope of the *Orders*, as this determination is in accordance with the Court's instructions in *Columbia Aluminum III* (and *Columbia Aluminum I* and *Columbia Aluminum II*) and is the only reasonable outcome based on substantial and undisputed record evidence.  Columbia respectfully requests that the Court sustain Commerce's Final Remand Redetermination filed on September 9. 2022.

Date: September 23, 2022

                                                   Respectfully submitted,

                                                   /s/ Jeremy W. Dutra
                                                   Peter Koenig
                                                   peter.koenig@squirepb.com
                                                   Jeremy W. Dutra
                                                   jeremy.dutra@squirepb.com
                                                   SQUIRE PATTON BOGGS (US) LLP
                                                   2550 M Street, NW
                                                   Washington, DC 20037
                                                   (202) 626-6600

                                                   *Counsel to Columbia Aluminum Products, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2022, I electronically filed the foregoing Comments on Commerce's Final Remand Determination with the Clerk of the United States Court of International Trade via the Court's Case Management/Electronic Case Files (CM/ECF) system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system at that time.

/s/ Jeremy Dutra
Jeremy W. Dutra
jeremy.dutra@squirepb.com

*Counsel to Columbia Aluminum Products, LLC*