# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

|  |  |
|---|---|
| Columbia Aluminum Products, LLC,<br>　　　　　　　Plaintiff,<br>　　　v.<br>United States,<br>　　　　　　　Defendant,<br>and<br>The Aluminum Extrusions Fair Trade Committee<br>And Endura Products, Inc.,<br>　　　　　　　Defendant-Intervenors. | Court No. 19-00013 |

### DEFENDANT'S RESPONSE TO COMMENTS ON THIRD REMAND REDETERMINATION

|  |  |
|---|---|
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>PATRICIA M. McCARTHY<br>Director<br><br>TARA K. HOGAN<br>Assistant Director |
| OF COUNSEL:<br><br>NIKKI KALBING<br>Assistant Chief Counsel<br>Office of the Chief Counsel<br>　For Trade Enforcement & Compliance<br>Department of Commerce<br>Washington, DC 20230 | AIMEE LEE<br>Assistant Director<br>U.S. Dept. of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Suite 346<br>New York, NY 10278<br>Tel: (212) 264-9253<br>Attorneys for the Defendant |

# TABLE OF CONTENTS

BACKGROUND ........................................................................................................................ 2

    I.    The Scope Of The Antidumping And Countervailing Duty Orders ............................ 2

    II.    Administrative Determination Under Review ............................................................ 3

    III.    The Court's First Remand Order ................................................................................ 4

    IV.    Commerce's First Remand Redetermination .............................................................. 5

    V.    The Court's Second Remand Order ............................................................................ 6

    VI.    Commerce's Second Remand Redetermination ......................................................... 7

    VII.    The Court's Third Remand Order ............................................................................... 8

    VIII.    Commerce's Third Remand Redetermination ............................................................ 9

ARGUMENT ........................................................................................................................... 10

    I.    Standard of Review .................................................................................................. 10

    II.    Commerce Complied With The Court's Third Remand Order In Finding
        That Columbia's Door Thresholds Are Outside The Scope Of The Orders ............. 11

CONCLUSION ........................................................................................................................ 13

## TABLE OF AUTHORITIES

**Cases**

*Columbia Aluminum Products LLC v. United States*,
470 F.Supp.3d 1353 (Ct. Int'l Trade 2020) ............................................................................. 4, 5

*Columbia Aluminum Products, LLC v. United States*,
536 F.Supp.3d 1346 (Ct. Int'l Trade 2021) ................................................................. 6, 7, 11, 12

*Columbia Aluminum Products, LLC v. United States*,
2022 WL 3227832 (Ct. Int'l Trade Aug. 10, 2022) .................................................................. 1, 8, 9

*Consol. Edison Co. v. NLRB*,
305 U.S. 197 (1938) ...................................................................................................................... 10

*Consolo v. Fed. Mar. Comm'n*,
383 U.S. 607 (1966) ...................................................................................................................... 10

*Global Commodity Grp. LLC v. United States*,
709 F.3d 1134 (Fed. Cir. 2013) .................................................................................................... 11

*King Supply Co. v. United States*,
674 F.3d 1343 (Fed. Cir. 2012) .................................................................................................... 11

*MacLean-Fogg Co. v. United States*,
100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015) ................................................................................ 10

*Meridian Prods., LLC v. United States*,
890 F.3d 1272 (Fed. Cir. 2018) ...................................................................................................... 5

*Mid Continent Nail Corp. v. United States*,
725 F.3d 1295 (Fed. Cir. 2013) .............................................................................................. 10, 11

*Sandvik Steel Co. v. United States*,
164 F.3d 596 (Fed. Cir. 1998) ...................................................................................................... 11

*Shenyang Yuanda Aluminum Indus. Eng'g Co. v. United States*,
776 F.3d 1351 (Fed. Cir. 2015) ...................................................................................................... 5

*Whirlpool Corp. v. United States*,
890 F.3d 1302 (Fed. Cir. 2018) ...................................................................................................... 5

**Statutes**

19 U.S.C. §1516a (b)(1)(B)(i) ........................................................................................................ 10

**Regulations**

19 C.F.R. § 351.225(k)(1)................................................................................................. 3, 4, 5, 6

**Other Authorities**

*Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*,
76 Fed. Reg. 30,650 (Dep't Commerce May 26, 2011) ............................................................ 2, 3

*Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*,
76 Fed. Reg. 30,653 (Dep't Commerce May 26, 2011) ............................................................... 2

# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE TIMOTHY C. STANCEU, SENIOR JUDGE

|  |  |
|---|---|
| Columbia Aluminum Products, LLC, ) | |
| Plaintiff, ) | |
| v. ) | Court No. 19-00013 |
| United States, ) | |
| Defendant, ) | |
| and ) | |
| The Aluminum Extrusions Fair Trade Committee ) And Endura Products, Inc., ) | |
| Defendant-Intervenors. ) | |

## DEFENDANT'S RESPONSE TO COMMENTS ON THIRD REMAND REDETERMINATION

Defendant, the United States, respectfully submits this response to the comments filed by plaintiff Columbia Aluminum Products, LLC (Columbia) and defendant-intervenors Aluminum Extrusions Fair Trade Committee and Endura Products, Inc. (Defendant-Intervenors). *See* ECF No. 87 (Columbia Cmts.); ECF No. 88 (Def.-Intervenor Cmts.). The comments and our response concern the third results of redetermination issued by the Department of Commerce, *see Final Results of Redetermination Pursuant to Court Remand*, September 9, 2022, ECF No. 85 (Third Remand Results), issued pursuant to this Court's third opinion and remand order, *Columbia Aluminum Products, LLC v. United States*, 2022 WL 3227832 (Ct. Int'l Trade Aug. 10, 2022) (Third Remand Order), concerning Commerce's final scope ruling on Columbia's door thresholds issued in December 2018. *See* Memorandum, "Antidumping and Countervailing Duty Orders on Aluminum Extrusions from the People's Republic of China: Final Scope Rulings

on Worldwide Door Components Inc., MJB Wood Group, Inc., and Columbia Aluminum Products Door Thresholds," dated Dec. 19, 2018 (Final Scope Ruling), P.R. 39.[1]

For the reasons explained below, the Court should sustain the Third Remand Results and enter final judgment for the United States because Commerce has complied with the Court's order, the Third Remand Results are supported by substantial evidence, and are otherwise in accordance with law.

## BACKGROUND

I.  **The Scope Of The Antidumping And Countervailing Duty Orders**

The Orders on aluminum extrusions, in relevant part, cover:

> aluminum extrusions which are shapes and forms, produced by an extrusion process, made from aluminum alloys having metallic elements corresponding to the alloy series designations published by The Aluminum Association commencing with the numbers 1, 3, and 6 (or proprietary equivalents or other certifying body equivalents).

*Aluminum Extrusions from the People's Republic of China: Antidumping Duty Order*, 76 Fed. Reg. 30,650 (Dep't Commerce May 26, 2011) (AD Order); *Aluminum Extrusions from the People's Republic of China: Countervailing Duty Order*, 76 Fed. Reg. 30,653 (Dep't Commerce May 26, 2011) *(CVD Order)* (collectively, the Orders).[2]  The Orders provide that aluminum extrusions may be "produced and imported with a variety of finishes" and "may also be fabricated, *i.e.*, prepared for assembly."  *AD Order*, 76 Fed. Reg. at 30,650.  The general scope language also provides:

> Subject aluminum extrusions may be described at the time of importation as parts for final finished products that are assembled after importation, including, but not limited to, window frames, door frames, solar panels, curtain walls, or furniture.

---

[1] "P.R." refers to public documents on the scope ruling record.

[2] Because the scope language in both orders is identical, for simplicity, we cite only to the *AD Order* unless otherwise noted.

>   Such parts that otherwise meet the definition of aluminum extrusions are included in the scope.

*Id.* at 30,650-30,651.  Merchandise covered by the Orders include:

>   aluminum extrusion components that are attached (*e.g.*, by welding or fasteners) to form subassemblies, *i.e.*, partially assembled merchandise unless imported as part of the finished goods 'kit' defined further below.  The scope does not include the non-aluminum extrusion components of subassemblies or subject kits.

*Id.* at 30,651.  The Orders also provide:

>   Subject extrusions may be identified with reference to their end use, such as fence posts, electrical conduits, door thresholds, carpet trim, or heat sinks (that do not meet the finished heat sink exclusionary language below).  Such goods are subject merchandise if they otherwise meet the scope definition, regardless of whether they are ready for use at the time of importation.

*Id.*

The Orders contain several exclusions, including for "finished merchandise containing aluminum extrusions as parts that are fully and permanently assembled and completed at the time of entry, such as finished windows with glass, doors with glass or vinyl, picture frames with glass pane and backing material, and solar panels." *Id.*

## II.   Administrative Determination Under Review

In the Final Scope Ruling, Commerce determined that Columbia's door thresholds fall within the scope of the Orders, based on the scope language and 19 C.F.R. § 351.225(k)(1) sources.[3]  *See* Final Scope Ruling, P.R. 39.  Commerce determined that the extruded aluminum components in Columbia's door thresholds match the physical description of subject aluminum extrusions.  *Id.* at 33.  Commerce also found that the aluminum extruded components of the door thresholds are "parts for final finished products" (*i.e.*, parts for doors) that are assembled after

---

[3] The (k)(1) sources are the petition, the investigation, and the determinations of Commerce (including prior scope determinations) and the International Trade Commission (ITC).  19 C.F.R. § 351.225(k)(1).

3

importation (with additional components) to create the final finished product. *Id.* Commerce further determined that the door thresholds may be described as subassemblies, but that the non-aluminum extrusion components of Columbia's door thresholds are not subject to the Orders. *Id.* at 34.

Commerce also based its determination on the Orders' express reference to "door thresholds" as an identifying end-use of "subject extrusions." *Id.* Commerce further found the (k)(1) sources – specifically, prior scope rulings, the report of the ITC, and the petition and supplements thereto – supported its determination that Columbia's door thresholds fall within the scope of the Orders. *Id.* at 34-37. After finding that the door thresholds are covered by the scope language, Commerce determined that the finished merchandise exclusion did not apply. *Id.* at 35-36.

**III.   The Court's First Remand Order**

Columbia challenged the Final Scope Ruling. In the Court's First Remand Order, this Court held that Commerce misinterpreted the scope language. *Columbia Aluminum Products LLC v. United States,* 470 F. Supp. 3d 1353 (Ct. Int'l Trade 2020) (First Remand Order). First, this Court found the Orders' provision covering "subject aluminum extrusions described at the time of importation as parts for final finished products" covers only aluminum extrusions that are assembled with other components after importation. *Id.* at 1356-1357. Because Columbia's door thresholds are assembled prior to importation, the Court held that they do not meet that scope language. *Id.* at 1357.

This Court also found that Commerce erroneously relied on the scope language identifying subject extrusions with reference to their end-use, with door thresholds listed as an example. *Id.* at 1358. This Court determined that Columbia's door thresholds are not subject

extrusions but are assembled goods containing extruded aluminum and non-aluminum components. *Id.* Although this Court acknowledged that the scope of the *Orders* covers subassemblies composed of aluminum and non-aluminum components, the Court did not address Commerce's finding that Columbia's door thresholds are subassemblies. *Id.* at 1358, 1362.

This Court also held that Commerce misinterpreted the (k)(1) factors. *Id.* at 1360-1361. After holding that Columbia's assembled door thresholds are not expressly covered by the general scope language, this Court directed Commerce to consider, on remand, whether Columbia's door thresholds qualify for the finished merchandise exclusion. *Id.* at 1356-1358, 1361-1362.

### IV.     Commerce's First Remand Redetermination

On December 23, 2020, Commerce filed its First Remand Results. *See Final Results of Redetermination Pursuant to Court Remand*, December 23, 2020, ECF No. 48 (First Remand Results). Commerce issued its redetermination under respectful protest, in part, because it disagreed with this Court's opinion that *Shenyang Yuanda* which addressed the subassemblies provision, was inapposite to this proceeding. First Remand Results at 15 (citing *Shenyang Yuanda Aluminum Indus. Eng'g Co. v. United States*, 776 F.3d 1351 (Fed. Cir. 2015) (*Shenyang Yuanda* 2015)).

Commerce also issued the First Remand Results under respectful protest because Commerce believed that its Final Scope Ruling was consistent with the *Whirlpool Corp. v. United States*, 890 F.3d 1302, 1308-09 (Fed. Cir. 2018) and *Meridian Prods., LLC v. United States*, 890 F.3d 1272, 1280-81 (Fed. Cir. 2018) decisions which this Court did not address in its First Remand Order. First Remand Results at 10-11. Although Commerce found these decisions instructive in its analysis of whether Columbia's door thresholds are "parts for final finished

products" and subject extrusions identified with reference to their end use, in compliance with the First Remand Order, Commerce did not consider those decisions in its First Remand Results. *Id.* at 14.

Rather, Commerce considered the physical description of Columbia's door thresholds with reference to the subassemblies provision in the general scope language. Commerce also considered the finished merchandise exclusion in the context of the entire framework of the scope of the Orders, as well as the relevant (k)(1) sources: the petition, supplements to the petition, and Commerce's prior scope determinations. *Id.* at 14-15. Commerce continued to find that Columbia's door thresholds are subassemblies and that only the extruded aluminum components of Columbia's door thresholds are included in the scope of the Orders. *Id.* at 15. Commerce concluded that, because Columbia's door thresholds are subassemblies, they do not meet the criteria for the "finished merchandise" exclusion. *Id.*

V.     **The Court's Second Remand Order**

In its Second Remand Order, the Court held that Commerce made findings in its First Remand Results which were based on an inference that was contradicted or unsupported by other record evidence. *Columbia Aluminum Products, LLC v. United States*, 536 F. Supp. 3d 1346, 1352-1354 (Ct. Int'l Trade 2021) (Second Remand Order). Specifically, in support of its conclusion that Columbia's door thresholds are not in and of themselves finished products, but intermediary products incorporated into larger finished merchandise, Commerce cited record evidence stating that door thresholds generally require cutting and fabrication prior to installation. First Remand Results at 43-45.

This Court concluded that these statements inferred, but did not clearly state, that Columbia's door thresholds were also customizable intermediate products, and that these

6

statements contradicted Columbia's characterization of its door thresholds as assemblies that are ready for use without further processing and incapable of being cut to custom sizes without destroying the thresholds' functionality. *Second Remand Order*, 536 F. Supp. 3d at 1353-1354. Because Commerce's determination cited this general characterization of door thresholds requiring further cutting or manufacturing, the Court remanded Commerce's decision to reconsider its factual findings regarding whether Columbia's door thresholds require further processing before incorporation with other products. *Id.* at 1354, 1357.

The Court also held that the Orders list "doors with glass or vinyl" and "finished windows with glass" as exemplars of excluded finished merchandise. *Id.* at 1354. The Court stated that Commerce had not sufficiently considered why "doors with glass or vinyl" and "finished windows with glass" – which, like door thresholds, were not part of a larger downstream product –satisfy the finished merchandise exclusion, but Columbia's door thresholds could not. *Id.* at 1355-1356. Accordingly, this Court directed Commerce on remand to determine whether Columbia's door thresholds qualified for the finished merchandise exclusion. *Id.* at 1357.

## VI. Commerce's Second Remand Redetermination

On December 13, 2021, Commerce filed its Second Remand Results. *See Final Results of Redetermination Pursuant to Court Remand*, December 13, 2021, ECF No. 67 (Second Remand Results). In its Second Remand Results, Commerce explained that its conclusion that Columbia's door thresholds were subassemblies did not rest on whether the door thresholds themselves underwent further cutting or fabrication, but whether they were intermediate products that require further incorporation of other components to form a downstream finished product. *Id.* at 15. However, Commerce further explained:

> {I}n {the second remand order}, the Court found unpersuasive Commerce's determination that Columbia's door thresholds were subassemblies which must be further incorporated into a larger downstream product (*e.g.*, a door unit or door frame). Specifically, the Court determined in {the second remand order} that record evidence did not support the conclusion that Columbia's door thresholds must undergo further cutting or fabrication in order to be incorporated into a completed product. The Court also held that Commerce misinterpreted the scope language in concluding that, because Columbia's door thresholds were intermediate products, rather than final finished goods in and of themselves, the finished merchandise exclusion was inapplicable. Thus, the Court disagreed with Commerce's finding that Columbia's door thresholds were subassemblies covered by the scope of the *Orders* and not excluded under the finished merchandise exclusion.

*Id.* at 10-11. Accordingly, Commerce concluded that although it disagreed with the Court's interpretation of the scope language, it was finding under respectful protest, and consistent with the Court's opinion and analysis, that Columbia's door thresholds were not subassemblies and were excluded from the Orders under the finished merchandise exclusion. *Id.* at 11. Commerce also stated that "{s}hould the Court sustain these Final Results of Redetermination, we will issue a revised scope ruling accordingly." *Id.* at 17.

## VII.   The Court's Third Remand Order

In its Third Remand Order, the Court held that Commerce misinterpreted its Second Remand Order as directing Commerce to reach only one conclusion – that Columbia's door thresholds should be excluded from the scope of the Orders. *Third Remand Order*, 2022 WL 3227832 at *6. The Court also held that Commerce incorrectly asserted that the Court made determinations as to whether Columbia's door thresholds were subassemblies, whether Commerce incorrectly found that the door thresholds were designed to be incorporated into a larger downstream product, and whether Columbia's door thresholds qualified for the finished merchandise exclusion. *Id.* at *7-8. The Court further held that Commerce did not sufficiently explain why Commerce found the door thresholds to be outside the scope of the Orders, and did

8

not address the Court's instructions that Commerce determine whether Columbia's door thresholds required further cutting or machining prior to incorporation into a larger product. *Id.* at \*6, 8. Lastly, the Court found Commerce's Second Remand Results to be unsatisfactory because it was not in a form in which the Court could sustain. *Id*. at \*8. Citing Commerce's statement that it "will issue a revised scope ruling" if the Court affirmed the Second Remand Results, the Court explained that because the Second Remand Results are not the actual scope ruling or determination Commerce intended to issue, any decision that followed the remand redetermination would escape judicial review and deprive the parties of an opportunity to comment. *Id*. at \*6.

### VIII. Commerce's Third Remand Redetermination

On September 9, 2022, Commerce filed its Third Remand Results, in which Commerce considered whether Columbia's door thresholds satisfy the criteria of the finished merchandise exclusion. *See Final Results of Redetermination Pursuant to Court Remand*, September 9, 2022, ECF No. 85 (Third Remand Results). Commerce first determined that Columbia's door thresholds contain aluminum extrusions "as parts," plus additional non-extruded aluminum components. *Id.* at 14. Commerce also reassessed record evidence and concluded that the record does not support the conclusion that Columbia's door thresholds require cutting or fabrication after importation into the United States. *Id.* at 14-15. Thus, Commerce concluded, under protest,[4] that Columbia's door thresholds meet the criteria of the finished merchandise exclusion as "finished merchandise containing aluminum extrusions as parts that are fully and permanently

---

[4] Commerce explained that it was issuing the Third Remand Results under protest because, as explained in the First and Second Remand Results, it respectfully disagrees with this Court's interpretation of the scope language and certain Federal Circuit precedent. *See* Third Remand Results at 3, fn. 10.

9

assembled and completed at the time of entry," and are thus excluded from the scope of the Orders. *Id.* at 3, 15-16.

Finally, Commerce clarified that it does not intend to issue a scope ruling or other agency determination subsequent to the Court's review of the Third Remand Results. *Id*. at 3, 19. Should the Court sustain these remand results, a *Federal Register* notice will be published stating that Worldwide's door thresholds are excluded from the scope of the Orders, and relevant instructions will be issued to U.S. Customs and Border Protection giving effect to the determination. *Id*.

## ARGUMENT

Commerce's Third Remand Results are supported by substantial record evidence, are in accordance with law, and comply fully with the Third Remand Order. Accordingly, the Court should sustain the Third Remand Results and enter final judgment for the United States.

### I. Standard of Review

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). Under this standard, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n,* 383 U.S. 607, 620 (1966) (citations omitted). The Court grants "significant deference to Commerce's interpretation of a scope order." *Mid Continent Nail Corp. v. United*

*States*, 725 F.3d 1295, 1300 (Fed. Cir. 2013) (quoting *Global Commodity Grp. LLC v. United States*, 709 F.3d 1134, 1138 (Fed. Cir. 2013)). This is because a scope ruling involves "a highly fact-intensive and case-specific determination," *King Supply Co. v. United States*, 674 F.3d 1343, 1345 (Fed. Cir. 2012), making it "particularly within the expertise of {Commerce}." *Sandvik Steel Co. v. United States*, 164 F.3d 596, 600 (Fed. Cir. 1998).

II. **Commerce Complied With The Court's Third Remand Order In Finding That Columbia's Door Thresholds Are Outside The Scope Of The Orders**

Because Commerce complied with the Third Remand Order, and because its findings are supported by substantial evidence and are otherwise in accordance with law, we respectfully request that this Court sustain Commerce's Third Remand Results. Columbia agrees that the Third Remand Results should be affirmed, but disagrees with Commerce's decision to issue the Third Remand Results under protest. Columbia Cmts. at 1-3. Defendant-Intervenors, on the other hand, argue that Commerce's determination is not based on substantial evidence. Def.-Intervenor Cmts. at 2.

Specifically, Defendant-Intervenors argue that record evidence demonstrates that door thresholds such as Columbia's generally require further finishing and fabrication after importation and prior to use, thus not satisfying the requirement of the finished merchandise exclusion that a product be "fully and permanently assembled and completed at the time of entry." *Id.* at 2-3. To support this assertion, Defendant-Intervenors rely upon the same evidence Commerce referenced in the First Remand Results indicating that door thresholds generally require further cutting or machining after importation and prior to use, *Id.* at 3 (citing First Remand Results at 43-45), and that this Court deemed insufficient to support Commerce's conclusion that Columbia's door thresholds are not in and of themselves finished merchandise, but intermediary products incorporated into larger finished merchandise. Second Remand Order,

11

536 F. Supp. 3d at 1353-1354.  This Court reasoned that the cited evidence inferred, but did not clearly substantiate, that Columbia's door thresholds were also customizable intermediate products, and that Commerce's conclusions were contradicted by Columbia's explanation that its door thresholds are incapable of being cut to custom sizes without destroying the thresholds' functionality.  *Id.* at 1353.  Beyond this general evidence the Court previously determined was insufficient, Commerce has not identified additional record information contradicting Columbia's characterization of its specific door thresholds as assemblies that are ready for use without further processing.  Third Remand Results at 15.

Commerce stated in the Third Remand Results that it issued the redetermination under protest because, as explained in the First and Second Final Remand Redeterminations, it respectfully disagrees with this Court's interpretation of the scope language and certain Federal Circuit precedent.  Third Remand Results at 3, fn. 10.  However, Commerce's Third Remand Results are in accordance with the Court's Third Remand Order and based on substantial record evidence.  Specifically, although the record contains information indicating that door thresholds generally require cutting and fabrication prior to installation, the record does not support the conclusion that Columbia's door thresholds require cutting or fabrication after importation into the United States.  Accordingly, Commerce's conclusion that Columbia's door thresholds satisfy the finished merchandise conclusion is supported by substantial evidence and otherwise in accordance with law, because Columbia's door thresholds: (1) are fully assembled and completed at the time of entry; and (2) contain extruded aluminum and non-extruded aluminum components.

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's Third Remand Results and enter final judgment in favor of the United States.

                Respectfully submitted,

                BRIAN M. BOYNTON
                Principal Deputy Assistant Attorney General

                PATRICIA M. McCARTHY
                Director

                /s/ Tara K. Hogan
                TARA K. HOGAN
                Assistant Director

OF COUNSEL:             /s/ Aimee Lee
                                      AIMEE LEE
NIKKI KALBING           Assistant Director
Assistant Chief Counsel       U.S. Dept. of Justice, Civil Division
Office of the Chief Counsel     Commercial Litigation Branch
   For Trade Enforcement & Compliance   26 Federal Plaza, Suite 346
Department of Commerce       New York, NY 10278
Washington, DC 20230         Tel: (212) 264-9253

October 6, 2022                 Attorneys for Defendant

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 3,308 words, excluding the parts of the brief exempted from the word limitation. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.

                                        /s/Aimee Lee